Opinion of the Court by
Southard J.
It is not very easy to comprehend the ° . , m this case, but the amount of it seems to be this: Qn 20th of November 1817, the justice issued what he calls a citation, which the constable served the 12th,'“by leaving a copy at the place of abode of the defendant, with a white person of the family above the age of fourteen years-, and made known the contents thereof.” On the return day, the plaintiff appeared and “ filed *his demand.” Defendant did not appear,-and the, justice, without further proceedings, says: “ I give judgment in favour of plaintiff on a transcript of Israel Brinsley, esq. for the sum of eighty-three dollars and thirty-three cents, with costs, being one dollar and eleven cents; together 84 dollars, 44 cents, with cost of this suit, 53 cents.” The state of demand, filed by the plaintiff, is not sent up, unless it be the transcript of justice Brinsley’s docket, and this seems to be in an “ unknown tongue.” If, with very considerable labour, I have been able, correctly to decipher it, it is in the words, though by no means in the orthography following: viz.
“ Benjamin Custard v. Matthias Clark and Henry Jackson, as bail. Capias issued the 29th day of August 1817, and returned the 13th day of September by Henry Jackson, constable. The plaintiff appeared on the- 13th day of September 1817, and demanded judgment against Matthias Clark and Henry Jackson as bail, for the sum of 83 dollars, 33 cents, the debt; justices cost, 75 cents. Constable Jackson’s fee—.11, Transcript—,25.” Then follows the *239 certificate, “ I do hereby certify that the above Statement is a true transcript from my docket, Given from under my hand and seal this third day of November, 1817 Israel Brinsley justice.”
The original process, in the suit before the justice, is not sent up, nor is there any thing by which I can discover, whether it was designed as an action of debt upon the judgment, or as a scire facias merely to revive it, and obtain execution. If the latter, it is irregular. The judgment of justice Brinsley was rendered in Pennsylvania. No scire facias lies here, to revive a judgment rendered there, (a) But whether designed as a scire facias or not, it is utterly erroneous.
1. This record, was in- no way proved or certified, as required by law, where the records of one state are to be used in another. It was, therefore, inadmissible.
2. It is no judgment, nor such an instrument as can legally operate at all. Defendants are improperly united in the action; one of them seems to be the constable, into whose hands the capias was put, and who demanded the judgment. It does not appear that the writ was ever served, or that Glark, one of the defendants, ever had notice, or appeared at all. (b) There is no judgment or expression of opinion, by the court, as to the justice or *propriety of the plaintiff’s claim. I know not what such a paper would be .called in the state from which it came, but we have here no name by which to call it. It can never be the foundation of a legal proceeding, or judgment in a court of law.
Judgment reversed.

 Tindall vs. Carson, 1 Har. 94.

 Ford vs. Munson, ante 93.